SEALED CASE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA 3:18CR291(AWT)

vs.

KEVIN JONES, II, ET AL

Defendants

HARTFORD, CONNECTICUT
MAY 6, 2019

- - - - - - - - - - - - - - - - x

TELEPHONIC STATUS CONFERENCE

BEFORE:

HON. ALVIN W. THOMPSON, U.S.D.J.

APPEARANCES:

FOR THE GOVERNMENT:

OFFICE OF THE UNITED STATES ATTORNEY
1000 Lafayette Boulevard, 10th floor
Bridgeport, Connecticut 06604
BY: KAREN A. PECK, AUSA

FOR THE DEFENDANT, Kevin Jones, II:

KOFFSKY & FELSEN
1261 Post Road
Suite 202B
Fairfield, Connecticut 06824
BY: BRUCE D. KOFFSKY, ESQ.

FOR THE DEFENDANT, Kevin Jones, Sr.:

SILVESTER & DALY
300 State Street, Suite 507
New London, Connecticut 06320
BY: ROBERT F. KAPPES, ESQ.

Corinna F. Thompson, RPR
Official Court Reporter

APPEARANCES cont'd:

FOR THE DEFENDANT, Shawn Woodard:

BANSLEY LAW, LLC
1271 Boston Post Road, Suite
Old Saybrook, Connecticut 06457
BY: WALTER C. BANSLEY, IV, ESQ.

FOR THE DEFENDANT, Donald Lawlor:

LAW OFFICE OF PETER SCHAFFER
1127 High Ridge Road
PMB 330
Stamford, Connecticut 06905-1203
BY: PETER J. SCHAFFER, ESQ.

FOR THE DEFENDANT, Julien Delepine:

BRUCK TISCHLER
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
BY: DUSTIN TISCHLER, ESQ.

2:30 p.m.

MR. SCHAFFER: Peter Schaffer.

THE COURT: Hi Mr. Schaffer. How are you?

MR. KOFFSKY: Hi, Judge. Attorney Bruce Koffsky and I'm also standing in for Jeremiah Donovan who I believe is on trial.

THE COURT: Maybe it will be help if you all identify yourselves for the record and who you represent.

MR. KOFFSKY: I apologize. Attorney Bruce Koffsky. Kevin Jones, Jr.

MR. SCHAFFER: And Peter Schaffer for Donald Lawlor.

MR. KAPPES: Good afternoon, Your Honor. Robert Kappes and I represent Kevin Jones, Sr.

MR. TISCHLER: Good afternoon. Dustin Tischler on behalf of Julian Delepine.

MR. KOFFSKY: Your Honor, this is Attorney Bruce Koffsky.

One of the things we may talk about, I don't know who Jeremiah represents because I'm unable to print anything out because it's still under seal.

THE COURT: I know who it is. It's Phillip

Chiaia. He's Defendant Number 5.

MR. KOFFSKY: Okay.

MR. BANSLEY: Good afternoon. Walt Bansley for Shawn Woodard.

THE COURT: And Mr. O'Reilly is excused. He was on a call with me earlier with respect to another case in which his client is a defendant, a related case.

Do we have counsel for the government on?

MS. PECK: Yes, Your Honor. Karen Peck is here for the government.

THE COURT: Great.

I assume you filed the same status report in this case as you did in the other case?

MS. PECK: This is the Jones case, Your Honor. I attempted to but the file is under seal so they wouldn't allow me to file it in this case.

THE COURT: But if you could have, you would have filed the same report?

MS. PECK: I filed it in the other cases, but it would have been the exact same report in this case.

THE COURT: All right.

Let me just outline for counsel that in a related case we just had a call and we agreed, based on where things are, that it made sense to simply continue jury selection to July 3 as a placeholder and have a

call the last week of June just to see where things are. But at this point it's premature to put a firm scheduling order in place.

Let me just hear from defense counsel anything that they want me to be aware of and anything else that you think I should be aware of, Ms. Peck.

MS. PECK: Thank you, Your Honor.

MR. KOFFSKY: Your Honor, Attorney Koffsky for Kevin Jones, Jr. We have no objection to that. I know Attorney Peter Schaffer and I are starting a mortgage fraud case in another district starting June 3. I just wanted to notify the Court we may not be available that last week of June if this matter goes over.

The other thing I would request, Your Honor, is there a reason that the matter is under seal, Your Honor?

MS. PECK: Yes, there is a reason. There is an arrest warrant that needs to be executed and as soon as it is we will move to unseal.

MR. KOFFSKY: Can I ask Ms. Peck if we can get a copy of the docket sheet even though it's under seal? Is that possible?

MS. PECK: I have no problem emailing you guys the status reports and I can email to each counsel in this case. It would not allow me to access the file at

all when I tried to file this electronically.

I can email the status report that I tried to file and I filed in a related case to each counsel of record in this case after I finish with these conference calls today.

THE COURT: Ms. Peck, would you like us to send you a PDF of the docket sheet? Would that be helpful?

MS. PECK: Certainly, Your Honor. That would be helpful.

THE COURT: We'll send it out to you and you can send it out with the other things to counsel, if you like.

MS. PECK: Okay.

MR. KOFFSKY: Thank you, Your Honor.

MR. TISCHLER: If I can ask, Your Honor, is there a reason why it would be premature to set a trial date certain at this point? I don't believe the government has any more discovery that they're sending out. My client is ready for trial.

THE COURT: I have a defendant who was just charged and does not have a lawyer yet.

MS. PECK: Yes, Your Honor. And there probably will be additional discovery. We are continuing to get some things in. But there is an

additional defendant in the case.

THE COURT: Any other questions?

Who was that that asked that?

MR. TISCHLER: Dustin Tischler on behalf of Mr. Delepine.

THE COURT: Thank you.

I'm making a note about that, Mr. Delepine, so that we can. I have a series of related cases and I'll have to decide the order in which to try them, assuming they all go to trial.

MR. KOFFSKY: Your Honor, this is Attorney Bruce Koffsky. I'm prepared to sign a waiver of speedy trial certainly through the fall. My client has recently been indicted on a charge that increases his punishment. I've got other matters that are just as important, if not more important, that are already scheduled for trial through the end of the year, including a capital case in the Southern District of New York.

Just so the Court knows, as lead defendant I would be more than happy to file a waiver of speedy trial for the next several months.

THE COURT: Well, it sounds as though we don't have a unanimous view on the part of the counsel here so what I will have to do when we're ready to set a firm

trial date is have counsel and their clients in and hear from everybody before I make any determination in terms of -- sounds as though I might have a motion to continue jury selection that might not be joined in by all defendants, in which case they will have to be there to be heard.

At this point I'm -- it sounds as though -- well, all counsel --

MR. TISCHLER: Is it possible for me to confer with my client on that issue? My client is pushing for a trial. If it's not going to happen, if we have to come to court for it, he may change his mind. I'm not sure.

THE COURT: At this point do we have a unanimous view among defense counsel that continuation of the jury selection to July 3 makes sense?

MR. SCHAFFER: Yes, Judge. Peter Schaffer for Donald Lawlor. Should we do our current waiver of speedy trial from the current date in May until July 3, or as Attorney Koffsky suggested, to some date beyond that?

THE COURT: Let me do this --

MR. SCHAFFER: Had we been picking a date today, my suggestion would have been in early 2020.

THE COURT: Okay.

MR. SCHAFFER: I think I'm aligned with Attorney Koffsky as far as having other matters that I have to resolve that are older cases.

THE COURT: Why don't we do this: I'll just go down the list and I'll ask counsel to tell me to what date they would like to waive, but I'm going to treat all of the discussions as a motion to continue jury selection to July 3. You can have the speedy trial waiver done to whatever date you want, but if I have someone who wants to go to trial sooner than others wanting to, I will have to have a conference to hear from everybody before setting a date, because I'll have to balance the competing desires.

So for Mr. Jones we have a motion to continue to July 3. Mr. Koffsky's client Jones.

MR. KOFFSKY: Yes, that's correct, Your Honor.

THE COURT: But you would prefer to go into when, Mr. Koffsky?

MR. KOFFSKY: Your Honor, I would request that the Court set a status conference after September.

THE COURT: I'm not going to do that.

I'm going to set a status conference in June and people will call in or communicate by email. We'll have to do it after hours.

MR. KOFFSKY: I would certainly file a waiver

into September, Your Honor.

THE COURT: Fine.

And then Mr. O'Reilly has already indicated. He's taken care of.

And then Mr. Bansley on behalf of Shawn Woodard. You only said no objection.

MR. BANSLEY: I'm fine with a continuance.

THE COURT: You're fine with the continuance. You broke up. Is that what you said?

MR. BANSLEY: That's correct, Your Honor.

THE COURT: Mr. Schaffer, you wanted to be, on behalf of Donald Lawlor, some time into 2020, right?

MR. SCHAFFER: Yes, Judge. So I'm fine with the continuance for now.

THE COURT: And then Mr. Koffsky, do you have any input from Mr. Donovan?

MR. KOFFSKY: He would waive as well, Your Honor.

THE COURT: And then Mr. Tischler?

MR. TISCHLER: I'm sorry. Did you say June 3 or July 3?

THE COURT: July 3.

MR. TISCHLER: For right now the date is on July 3. Is it possible to make it the 2nd?

THE COURT: We're going to have the conference

some time in June. I'll probably try to do it on June 24. This is the continuance of jury selection date. At that time -- that's a placeholder.

MR. TISCHLER: Okay.

THE COURT: And before that we will talk about and hopefully agree upon a firm date.

MR. TISCHLER: Okay. That's fine. I will be out of town that July 3 so I can't go to trial that week.

THE COURT: You don't have to worry about it. I won't be here either, or at least I'm leaving the -- will I be here?

Mr. Kappes on behalf of Mr. Jones, Sr.?

MR. KAPPES: No objection to continuing the jury selection date, Your Honor. I will be filing a speedy trial waiver through the fall.

THE COURT: All right. So it sounds as though we will have some -- I guess, Mr. Tischler, it would be helpful if you can have a conversation with your client and get his view.

MR. TISCHLER: I can tell Your Honor that he is not going to be okay with waiting until 2020. He's anxious. I don't know if we need to at some point have that conversation. But he's not going to -- even if it's September, he's not going to wait that long.

THE COURT: Is your client detained?

MS. PECK: No, Your Honor, he's not.

THE COURT: So knowing that we have that issue, Mr. Koffsky and Mr. Schaffer, are you the ones doing the mortgage fraud trial?

MR. SCHAFFER: Yes, Judge.

THE COURT: When does that start?

MR. SCHAFFER: June 3.

THE COURT: So we may have to see if we can get everybody -- Ms. Peck, would we have a good sense as to jury selections -- a firm schedule, say, early June or end of May?

MS. PECK: I would say perhaps, Your Honor.

THE COURT: Once we get our new defendant on board.

MS. PECK: I think we might have a better idea at that point.

THE COURT: Okay.

MS. PECK: Maybe mid June.

THE COURT: Why don't we do this --

MS. PECK: It's already May 6. I mean, we can certainly see where we are by the very beginning of June and alert the Court at that point.

THE COURT: I think we'll have to have a conference, if Mr. Koffsky and Mr. Schaffer are going to

be unavailable before they become available, we will move based on the information we have. But we do have to make sure that our last defendant is in and has been arraigned.

I'll ask Ms. Peck to contact my chambers and remind me and we'll put something on, too, as long as that defendant has counsel.

Let's get a date to have everybody in court and come up with a schedule so I can balance these competing desires.

MS. PECK: Yes, Your Honor. We can do that.

THE COURT: All right. So for now we have a continuance to July 3 and as soon as our newly added defendant is represented, we'll schedule an in-court status conference with the defendants so everybody can be heard in terms of their desire for a jury selection date and trial date.

Everybody can go ahead and send in their speedy trial waivers and we'll take it from there.

Thank you very much. Bye-bye.

(Recess at 2:45 p.m.)

C E R T I F I C A T E

UNITED STATES VS. KEVIN JONES, II, ET AL

3:18CR291(AWT)

I, Corinna F. Thompson, RPR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages, pages 1 - 13, are a true and accurate transcription of my shorthand notes taken in the aforementioned matter on May 6, 2019, to the best of my skill and ability.

/s/____________________________

CORINNA F. THOMPSON, RPR
22 Bridge Lane
Enfield, Connecticut 06082
(860) 712-8345
corinna.thompson2@gmail.com